# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**CHARLES D. AUSTIN**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

August 23, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:     *Vanesta H. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
        Civil No. 23-0594-CDA

Dear Counsel:

On January 2, 2024, pursuant to Local Rule 105.10, Plaintiff filed a Motion to Reconsider the Court's December 18, 2023 Memorandum Opinion and Order affirming the Social Security Administration's ("SSA's" or "Defendant's" or "Commissioner's") judgment and closing this case.  ECF 18.  Defendant opposes the Motion.  ECF 19.  No hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2023).  For the reasons below, the Court will DENY the Motion to Reconsider.

The Court's review of an SSA decision is limited to determining whether substantial evidence supports the decision's findings, *see* 42 U.S.C. § 405(g), and whether the SSA properly applied the relevant legal standards, *see Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). When deciding whether to reconsider its affirmance of an SSA decision, the Court uses the standard relevant to motions for reconsideration brought under Federal Rule 59(e).  *See Crocetti v. Comm'r, Soc. Sec. Admin.,* No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018).

Under Federal Rule 59(e), the Court may amend a prior decision if: (1) there has been an intervening change in controlling law; (2) new evidence is available; or (3) "there has been a clear error of law or a manifest injustice."  *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 407 (4th Cir. 2010).  A motion for reconsideration may not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co*., 148 F.3d 396, 403 (4th Cir. 1998) (collecting cases).

Plaintiff asserts that the Court's December 18, 2023 decision "contains manifest errors of both law and fact" with respect to its discussion of an administrative law judge's ("ALJ's") analysis of fibromyalgia.  ECF 18, at 2.  Defendant counters that reconsideration is improper because Plaintiff "has not shown that the Court 'patently misunderstood' the issues or committed an 'error . . . of apprehension.'"  ECF 19, at 4 (omission in original).

As the Court noted in its December 18, 2023 decision, an ALJ "may not 'rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a

---

[1]  The Court substitutes Martin O'Malley, the current Commissioner of the Social Security Administration, as Defendant.  *See* Fed. R. Civ. P. 25(d).

*Vanesta H. v. O'Malley*
Civil No. 23-594-CDA
August 23, 2024
Page 2

claimant's subjective complaints regarding symptoms of fibromyalgia[.]'" ECF 16, at 6 (quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020)). In the decision, the Court considered whether an ALJ contravened *Arakas* by discussing "normal" gait-and-station findings within a paragraph that also references fibromyalgia. *Id.* at 5–7. The Court provided the following rationale for holding that the ALJ did not improperly use objective evidence to discount Plaintiff's fibromyalgia complaints:

> Plaintiff's physical impairments are not limited to fibromyalgia and include osteoarthritis, spine disorders, and shoulder tendonitis. Tr. 746. In their analysis, the ALJ summarized fibromyalgia-related records from May and August 2017. Tr. 750–51. However, the ALJ's reference to "normal" gait and station findings from November 2017 appears to relate to other impairments. While the record of Plaintiff's November 13, 2017 appointment (documented at Exhibit 15F) makes reference to fibromyalgia in a list of Plaintiff's medical issues, *see* Tr. 445, Plaintiff does not appear to have made any complaints regarding fibromyalgia during the appointment, *see* Tr. 444–47. Plaintiff *did* complain[] of muscle aches, joint pain, weakness, and numbness, among other issues. Tr. 446. A physician assistant performed a physical examination during the appointment and concluded, among other things, that Plaintiff possessed "normal gait and station." *Id*. But, given the lack of an explicit connection between this remark and Plaintiff's fibromyalgia, the Court is unpersuaded that the ALJ's reference to the treatment record's "gait and station" comment was made to discount the effects of Plaintiff's fibromyalgia.

*Id.* at 6.

Plaintiff argues that the Court has misinterpreted the administrative record. *See generally* ECF 18. She asks the Court to reconsider its holding that the ALJ's reference to gait and station was unrelated to fibromyalgia and therefore did not contravene *Arakas*. *See id.* at 2. To support her argument that the Court misconstrued the record, Plaintiff notes that: (1) the ALJ discussed normal objective findings within a paragraph "specifically related to" fibromyalgia; (2) this paragraph cites just one exhibit (Exhibit 15F), which is "the location of all substantive fibromyalgia related evidence during the relevant time frame"; (3) normal gait and station was noted at each appointment documented in Exhibit 15F; and (4) during the November 13, 2017 appointment, fibromyalgia "was noted as the primary impairment being treated[.]" *Id.* at 3–5.

Plaintiff's position is unpersuasive. "Mere disagreement with [the] Court's interpretation and analysis of the facts pled is not an appropriate ground for reconsideration." *Elgalad v. N.Y.C. Dep't of Educ.*, No. VSB-17-4849, 2019 WL 4805669, at *4 (S.D.N.Y. Sept. 30, 2019). If the party seeking reconsideration challenges the Court's construal, rather than its apprehension, of the facts, reconsideration is not warranted. *See Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Although Plaintiff finds fault with the Court's interpretation of the administrative record, she fails to show that the Court patently misunderstood that record. Her Motion therefore amounts to a request for the Court to "rethink what [it] already thought through -- rightly or wrongly," which is an improper basis for reconsideration. *Id.*

*Vanesta H. v. O'Malley*
Civil No. 23-594-CDA
August 23, 2024
Page 3

      For these reasons, the Court DENIES Plaintiff's Motion to Reconsider.[2]   Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion and docketed as an Order.

                Sincerely,

                  /s/

                Charles D. Austin
                United States Magistrate Judge

---

[2] Although the Court declines Plaintiff's invitation to reevaluate its prior holding, it notes in dictum that the facts of *Arakas* differ greatly from those in the instant case.  The ALJ in *Arakas* "referred at least five times to the supposed lack of objective medical evidence supporting [the claimant's] complaints and repeatedly highlighted the ways in which he believed her statements were inconsistent with the objective medical evidence." *Arakas*, 983 F.3d at 97.  Here, by contrast, the ALJ made a passing reference to "normal" gait-and-station findings within a paragraph that also discusses fibromyalgia.  Tr. 750–51.  Indeed, the ALJ never stated that Plaintiff's complaints were inconsistent with objective evidence.  *See* Tr. 740–62; *see also* 20 C.F.R. § 404.1529(c)(2) (defining objective evidence as "evidence obtained from the application of medically acceptable clinical and laboratory diagnostic techniques, such as evidence of reduced joint motion, muscle spasm, sensory deficit or motor disruption").